Leonard J. French
Attorney for DOE 71.175.72.203
PA Bar: 312413
The Law Offices of Leonard J. French
P.O. Box 9125
Allentown, PA 18105
Telephone: (610) 537-3537
Facsimile: (888) 262-0632
Email: ljfrench@leonardjfrench.com

# UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MALIBU MEDIA, LLC. | ) | CIVIL ACTION NO. |
| | ) | 2:12-cv-02095-LDD |
| Plaintiff, | ) | |
| | ) | |
| JOHN DOES 1-18, | ) | |
| | ) | |
| Defendant | ) | |

## RESPONSE IN SUPPORT OF MOTIONS TO QUASH, SEVER, AND FOR A PROTECTIVE ORDER

1. **Now is the appropriate time to rule on jurisdictional issues; to wait unfairly prejudices Movant**

Now is the appropriate time for the Court to decide matters of permissive joinder. "Not only does the court possess the requisite information to address joinder at this stage, but failing to do so raises significant fairness concerns." *CineTel Films, Inc. v. Doe*, 2012 U.S. Dist. LEXIS 47701, 10-11 (D. Md. Apr. 4, 2012). *See also SBO Pictures, Inc. v. Does 1–3036*, No. 11-4220 SC, 2011 WL 6002620, at *4 (N.D. Cal. Nov. 30, 2011) (*noting* "the potential for coercing unjust settlements from innocent defendants trumps Plaintiff's interest in maintaining low litigation costs and that a consequence of postponing a decision on joinder in lawsuits similar to this action results in lost revenue

of perhaps millions of dollars (from lost filing fees) and only encourages [plaintiffs in copyright actions] to join (or misjoin) as many doe defendants as possible") (internal quotation marks and citation omitted).

Recently, in a similar case, Judge C. Michael Hill of the Western District of Louisiana found joinder improper at this same stage of litigation, writing:

> Defendant argues that the facts do not support joinder under Rule 20, because the claims against the different defendants will require separate trials as they might involve separate witnesses, different evidence, and different legal theories and defenses, which could lead to confusion of the jury. The Court agrees. In this case, there are 1,980 unnamed defendants, and the evidence against each of them could clearly lead to confusion of the jury.

*West Coast Prods. v. Swarm Sharing Hash Files*, 2012 U.S. Dist. LEXIS 116722 at 6 (W.D. La. Aug. 16, 2012). Judge Hill goes on:

> In *BitTorrent Adult Film Copyright Infringement Cases*, supra, a case involving 37 defendants, the court ordered severance, finding that "[t]he individualized determinations far outweigh[ed] the common questions in terms of discovery, evidence, and effort required. ... [S]warm joinder complicates these actions, resulting in waste of judicial resources." (quoting: *In re: BitTorrent Adult Film Copyright Infringement Cases*, Docket No. 11-3995 [rec. doc. 39] (E.D.N.Y. May 1, 2012)).

*Id.* at 9.

> In this case, the filing fees, if paid for each of the individual defendants, would amount to a staggering $639,000. Allowing these 1,980 claims to be asserted in a single case would defeat, not enhance, judicial economy. Accordingly, the Court concludes that plaintiff should be required to pay the filing fees as to all of the defendants but one.

*Id.* at 12 (internal citations omitted).

### 2. The subpoena does present an undue burden on the Movant

The subpoena does present an undue burden on the Movant. Quoting from Judge Hill in the Western District of Louisiana:

> Here, the subpoena requested by plaintiff is designed to "flush out" the defendant John Does' identities. Recently, the Fifth Circuit affirmed the district court's imposition of sanctions against a pornographic film producer's attorney for the exact strategy being attempted in this case, i.e., "suing anonymous internet users for allegedly downloading pornography illegally, using the powers of the court to find their identity, then shaming or intimidating them into settling for thousands of dollars—a tactic [] employed all across the state and that has been replicated by others across the country." *Mick Haig Productions E.K. v. Does 1-670*, F.3d, 2012 U.S. App. LEXIS 14263, 2012 WL 2849373, *3 (5th Cir. July 12, 2012). Under these circumstances, I find that the information sought by the subpoena(s) to be embarrassing, oppressive, and unduly burdensome.

*Id.* at 12-14.

This is what is happening here. Plaintiff seeks to protect its intellectual property rights but is doing so in an inaccurate way. An IP address isn't an accurate way to identify the source of alleged downloads and uploads of copyrighted material. *See Digital Sin, Inc. v. Doe, infra.*

3. **A protective order is appropriate to save movant from embarrassment**

Recently, Judge James Moody of the Middle District of Florida, Tampa Division, found the heightened burden on the Defendant/Subscriber warranted a protective order, quoting from another Bittorrent case:

> [T]he ISP subscriber to whom a certain IP address was assigned may not be the same person who used the Internet connection for illicit purposes.... By defining Doe Defendants as ISP subscribers who were assigned certain IP addresses, instead of the actual Internet users who allegedly engaged in infringing activity, Plaintiff's sought-after discovery has the potential to draw numerous innocent internet users into the litigation, placing a burden upon them that weighs against allowing the discovery as designed. *SBO Pictures, Inc. v. Does 1-3036*, No. 11-4220 SC, 2011 U.S. Dist. LEXIS 137361, 2011 WL 6002620, at *3 (N.D. Cal. Nov. 30, 2011) (internal quotation and citation omitted).

*Malibu Media, LLC v. Doe*, 2012 U.S. Dist. LEXIS 118877, 3-4 (M.D. Fla. Aug. 22, 2012).

Such an order is proper. In another recent and similar case, a Plaintiff's counsel admitted that there is a high likelihood of false positives in bittorrent downloading cases:

> . . . [C]ounsel conceded that there was a high risk of false positive identifications (that is, as many as "30% of the names turned over by the ISPs may not be those of individuals who actually downloaded or shared copyrighted material") and that there were "horror stories" of harassing and abusive litigation techniques by some law firms. *See Digital Sin*, 2012 U.S. Dist. LEXIS 10803, 2012 WL 263491 at *3. The combination of these factors and the nature of the copyrighted work in this case creates the possibility of undue embarrassment and harm were a Doe defendant's name to be publicly, but erroneously, linked to the illegal downloading of the plaintiff's copyrighted work. Accordingly, the Court finds that there are sufficient grounds to issue a protective order to protect against these concerns.

*Digital Sin, Inc. v. Doe*, 2012 U.S. Dist. LEXIS 78832, 12-13 (S.D.N.Y. June 6, 2012).

DATED:   30-August 2012                    Respectfully submitted,

By: _/s/ Leonard French _____
Leonard J. French

Leonard J. French
Attorney for DOE 71.175.72.203
PA Bar: 312413
The Law Offices of Leonard J. French
P.O. Box 9125
Allentown, PA 18105
Telephone: (610) 537-3537
Facsimile: (888) 262-0632
Email: ljfrench@leonardjfrench.com

- 5 -

CERTIFICATE OF SERVICE

      I hereby certify that on August 30th, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

DATED:        30-August 2012                Respectfully submitted,


                                                      By: _/s/ Leonard French___
                                                       Leonard J. French

Case 2:12-cv-02095-LDD   Document 24   Filed 08/30/12   Page 5 of 5